UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ZIMMERMAN, ANTHONY DEVITO, and SEAN DONNELLY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>PARAMOUNT GLOBAL, COMEDY PARTNERS and DOES 1-10,<br><br>        Defendants. | Case No. 1:23-cv-2409 (VSB)<br><br>Hon. Vernon S. Broderick<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL** |
| MICHAEL KAPLAN, an individual on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>COMEDY PARTNERS, a New York general partnership,<br><br>        Defendant. | **Consolidated with;**<br><br>Case No. 1:22-cv-09355-(VSB) |

1036370.4

This matter came before the Court for hearing pursuant to Class Plaintiffs'[1] application for final approval of the settlement set forth in the Stipulation and Agreement of Settlement, dated July 23, 2024 (the "Settlement Agreement"), and to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Actions on the merits and with prejudice in favor of Defendants and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; (3) whether and in what amount to award Class Counsel Attorneys' Fees and Expenses; and (4) whether and in what amount to award an Incentive Award to Class Plaintiffs. The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

## I.   JURISDICTION OF THE COURT

1. This Court has jurisdiction over the subject matter of the Actions and over all Parties to the Actions, including all Settlement Class Members. Without in any way affecting the finality of this Final Approval Order, the Court hereby retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purposes.

2. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

---

[1] This Final Judgment and Order of Dismissal (the "Final Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement. As defined in the Settlement Agreement, "Class Plaintiffs" refers collectively to Michael Kaplan, Joseph Zimmerman, Anthony DeVito, and Sean Donnelly.

3.     The Settlement Agreement was negotiated with the assistance of an experienced mediator, Hon. Louis M. Meisinger (Ret.), at arm's-length by experienced counsel, who were fully informed of the facts and circumstances, and the strengths and weaknesses, of the Actions.  The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions, and after the exchange of information, including information about the size and scope of the Settlement Class.  Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, considering the expense, risk, and uncertainty of protracted litigation.

## II.     CERTIFICATION OF THE SETTLEMENT CLASS

1.     Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the Settlement between Class Plaintiffs, for themselves individually and on behalf of each Settlement Class Member in the Actions, and Comedy Partners and Paramount Global, and any objections and responses thereto, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court hereby certifies solely for settlement purposes the following Settlement Class:

> All persons and entities, their agents, successors in interest, affiliates, assigns, heirs, executors, trustees, and administrators who are or were parties to Recording Contracts (as that term is defined in the Settlement Agreement) with Comedy Partners whose works have been distributed by digital audio transmission via SiriusXM Radio pursuant to such Recording Contracts between May 19, 2013, up to and including December 31, 2022.

2.     The Court finds that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Actions is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual

questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of the Actions in this particular forum; and (iv) the likely difficulties in managing the Actions as a class action.

### III.     APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

1. The law firms of Johnson & Johnson LLP, Pearson Warshaw, LLP, and Nye, Stirling, Hale, Miller & Sweet, LLP are appointed, solely for settlement purposes, as Class Counsel for the Settlement Class.

2. Class Plaintiffs are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

### IV.     NOTICE AND CLAIMS PROCESS

1. The Court makes the following findings regarding notice to the Settlement Class:

    a. The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement: (i) constituted the best practicable notice under the circumstances to Settlement Class Members; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Actions, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to

be provided with notice; and (iv) complied fully with the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

        b.      The Court finds that the Class Notice and process set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order: (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

    2.    The Court has received no objections to the Settlement Agreement from Class Members, and zero Class Members have requested to be excluded from the Class.

## V.    FINAL APPROVAL OF CLASS ACTION SETTLEMENT

    1.    Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000).[2] Moreover, the Court concludes that:

        a.      The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by Class Counsel with significant experience litigating class actions, copyright

---

[2] *Accord Hyland v. Navient Corp.*, 48 F.4th 110, 121 (2d Cir. 2022) ("To evaluate the fairness, reasonableness, and adequacy of a class settlement, courts employ the nine factors set out in *City of Detroit v. Grinnell Corp.*").

and licensing-related actions in the media and entertainment industries, and other complex litigation, and is the result of vigorous arm's-length negotiations undertaken in good faith;

   b. The Actions are likely to involve contested questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

   c. Success in cases such as the Actions is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result.

  2. The Actions and all claims contained therein, as well as all the Released Claims, against Defendants by Class Plaintiffs and Releasing Parties are dismissed with prejudice. Class Plaintiffs, all Settlement Class Members, and Defendants (together, the "Settling Parties") are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

## VI. ADMINISTRATION OF THE SETTLEMENT

  1. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions, which the Court approves as fair, reasonable, and adequate. The Settlement Administrator is directed to provide Class Settlement Payments to Settlement Class Members pursuant to the terms of the Settlement Agreement.

  2. The Court hereby approves Class Counsel's request for Attorneys' Fees and Expenses, and awards Class Counsel $_____ as reasonable Attorneys' Fees and $_____ in reasonable Expenses, inclusive of the award of reasonable costs incurred in the Actions. The Court finds that the requested Attorneys' Fees and Expenses are reasonable under the percentage of the Settlement Amount for the reasons set forth herein. The award of Attorneys' Fees and Expenses to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

3. The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Settlement Class by obtaining Defendants' agreement to make significant funds available to Settlement Class Members, without the need for the submission of any claim form; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable Settlement for the Settlement Class, in spite of Defendants' possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Class Plaintiffs, who have reviewed the Settlement Agreement and been informed of Class Counsel's request for Attorneys' Fees and Expenses and has approved it; and (f) the Class Notice informed Settlement Class Members of the amount and nature of Class Counsel's request for Attorneys' Fees and Expenses under the Settlement Agreement, Class Counsel filed and posted their application in time for Settlement Class Members to make a meaningful decision whether to object to Class Counsel's request, and zero Settlement Class Member(s) objected.

4. The Court awards an Incentive Award in the amount of five thousand dollars ($5,000.00) to each Class Plaintiff, payable from the Settlement Fund pursuant to the terms of the Settlement Agreement.

5. The Court finds that any Class Settlement Payments that are uncashed after one hundred and eighty (180) Days of mailing shall be returned to Defendants to be credited by Defendants to the respective Settlement Class Members' accounts with Defendants. For the

avoidance of any doubt, the above-described return of uncashed Class Settlement Payments is not a reversion, but rather an alternative way of delivering each Settlement Class Member's Class Member Pro Rata Share of the Settlement Fund.

## VII. RELEASE OF CLAIMS

1. Upon the Effective Date: (a) Class Plaintiffs, each of the Settlement Class Members, and all Releasing Parties shall be deemed to have, and by the terms of the Settlement Agreement and operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged against Defendants and the Released Parties any and all Released Claims; and (b) Class Plaintiffs, each of the Settlement Class Members, and all Releasing Parties, as well as anyone bringing claims through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Claims against Defendants or any Released Party in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind. This Final Approval Order shall not affect in any way the right of Class Plaintiffs or Releasing Parties to pursue claims, if any, outside the scope of the Released Claims. Claims to enforce the terms of the Settlement Agreement are not released.

2. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, any and all pending and future lawsuits related to the Released Claims maintained by Class Plaintiffs and all other Settlement Class Members, as well as their heirs, executors, administrators, successors, and assigns.

    a. The Settlement Agreement and releases described therein do not affect the rights of Settlement Class Members who timely and properly submitted Requests for Exclusion

from the Settlement in accordance with the requirements of the Settlement Agreement, however, no such Requests for Exclusion have been received.

      b.    The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the releases described therein. The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

      c.    The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members for any Released Claims. The Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

      d.    Class Plaintiffs and all Settlement Class Members who did not validly and timely submit Requests for Exclusion to Opt-Out of the Settlement in the manner provided in the Settlement Agreement are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; or (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto.

## VIII. NO ADMISSION OF LIABILITY

1.    Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of

Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

**IX.    OTHER PROVISIONS**

1.    This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein.  In addition, any Released Party (as that term is defined herein and in the Settlement Agreement) may file the Settlement Agreement and/or this Final Approval Order in any action to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

2.    In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated.  In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Actions as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered.

3.    The Settling Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

4.    The Actions, including all individual claims and class claims presented herein, are hereby dismissed on the merits and with prejudice against Class Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

5. The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE